**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Legal Technology Group, Inc. d/b/a eSentio Technologies,**   ) ) ) ) | |
| Plaintiff,   ) ) | |
| v.   ) ) | Case Number:  1:17-cv-631 (RBW) |
| **Rajiv Mukerji,** *et al.*   ) ) | |
| Defendants.   ) ) ) | |

## JOINT DISCOVERY PLAN

The parties hereto, Legal Technology Group, Inc. d/b/a eSentio Technologies ("eSentio" or "Plaintiff"), Rajiv Mukerji ("Mukerji") and HBR Consulting LLC ("HBR") (Mukerji and HBR are referred to collectively as the "Defendants"), by their respective counsel and pursuant to Local Rule 16.3(d) and this Court's Order for Initial Scheduling Conference (Dkt. No. 23), respectfully submit this Joint Discovery Plan and Proposed Scheduling Order.

## I.   Matters Required to be Addressed by Court Order

**1.   A short statement of the facts concerning the case and the basis (or bases), such as the pertinent statutes, for each cause of action and defense.**

Statement of Plaintiff eSentio:   eSentio is a technology consulting and implementation firm that provides business and technology consulting and implementation services to law firms and corporate legal departments.   Mukerji was one of eSentio's key professionals, having served since 2011 as the Director of the Company's Document Management System ("DMS") practice.   In this critical role, Mukerji managed a team of technical experts and DMS consultants, directed the work of eSentio's DMS practice, led design meetings, and was a key participant in development of the Company's business strategy.

1

Additionally, Mukerji actively engaged with eSentio clients and prospective clients, regularly attending sales meetings, participating in conferences, and writing proposals for client work.  In carrying out his duties for eSentio, Mukerji was given extensive access to eSentio's confidential information.

Because of the critical nature of his position, and as a condition of his employment, Mukerji was required to execute an employment agreement ("the Agreement") that, among other things, prohibited him, for one year after his employment ended, from directly or indirectly acting in any way to solicit, divert, or take away any eSentio clients or prospective clients.  After Mukerji resigned, he became employed by defendant HBR, a direct competitor of eSentio.  As alleged in the Complaint, in violation of his Agreement, Mukerji played a key role in assisting HBR in winning two contracts for HBR, one from a Mukerji's client and one from a Mukerji prospective client.

Mukerji's conduct constituted the solicitation, diversion and/or taking away of work from these two clients, and, accordingly, Mukerji breached his post-employment contractual obligations to eSentio after he went to work for HBR.  See Complaint Count I.  Further, in knowingly facilitating and benefiting from Mukerji's conduct, HBR tortiously interfered with eSentio's contractual rights.  See Complaint Count II.  Finally, Mukerji and HBR each tortiously interfered with eSentio's prospective contractual relationships with these two clients.  See Complaint Count III.

<u>Statement of Counterclaim Plaintiff and Defendant Mukerji</u>:

<u>Mr. Mukerji's Counterclaim</u>:  Mr. Mukerji agreed to accept employment with Plaintiff eSentio in exchange for, among other things, an Annual Performance Bonus of up to $20,000 based on his performance to pre-defined objectives. Plaintiff, however, never defined

Mr. Mukerji's annual performance objectives and did not evaluate his performance against them. Even though Mr. Mukerji met or exceeded all reasonable performance expectations, Plaintiff failed and refused to pay any part of his Annual Performance Bonus, without valid excuse, during each of his four full years of employment with Plaintiff (2012-2015). Mr. Mukerji asserted a counterclaim in this case against Plaintiff to recover the approximately $80,000 loss that flowed from that breach.

      <u>Mr. Mukerji Lawful Performance of his Non-compete</u>:  Mr. Mukerji also agreed when he accepted employment with Plaintiff that his post-employment restrictions were limited to not soliciting, diverting or taking away, for a year, clients from Plaintiff with whom Mr. Mukerji had been involved in pursuing business during the last six months of his employment. At Plaintiff's request, Mr. Mukerji agreed to the same restriction with respect to Plaintiff's prospects.

      Mr. Mukerji resigned from his employment with Plaintiff in July of 2016 to accept employment with Defendant HBR Consulting. During his employment with HBR, two law firms, Akin Gump Strauss Hauer & Feld ("Akin") and King & Spalding ("K&S"), invited both Plaintiff and HBR, along with other firms, to bid on projects. Both projects involved converting the law firms' information storage, retrieval and management systems to a proprietary platform known as "NetDocuments." After accepting proposals from Plaintiff and HBR, both law firms awarded the projects to HBR.

      Mr. Mukerji had not been involved in pursuing any business with Akin during the last six months of his employment there and Akin was therefore not covered by the restrictions in Mr. Mukerji's Employment Agreement.  In addition, Mr. Mukerji was free to participate in responding to Akin's request for a proposal because Akin was an existing client of HBR prior to

Mr. Mukerji's employment with HBR, and Akin solicited HBR for proposal. Mr. Mukerji had met with K&S personnel during the last six months of his employment with Plaintiff, but he did not participate in the preparation of HBR's response to the K&S NetDocuments conversion project proposal request. Since he did not do anything to solicit, divert or take K&S business away from eSentio, he did not breach his agreement with respect to the K&S proposal.

In summary, Mr. Mukerji did nothing to take away, divert or solicit an eSentio client or prospect from whom he had pursued business during the last six months of his employment with eSentio. Even if he had done so, though, Plaintiff's prior, material breach of Mr. Mukerji's Employment Agreement (failure to pay Annual Performance Bonus) provides Mr. Mukerji with a defense against any claimed breach.

Statement of Defendant HBR: HBR provides advisory, managed services, and technology solutions to its clients.  HBR did not divert business away from Plaintiff and Mukerji did not breach his Employee Agreement with Plaintiff.  Plaintiff materially breached its employment agreement with Mukerji before Mukerji resigned, thereby relieving Mukerji of his obligations to perform under the contract, including performing the terms of his non-solicitation agreement.  Mukerji was not involved in pursuing business with either Akin or K&S in the 6 months preceding his resignation from Plaintiff.  Plaintiff had not worked with K&S in the 2 years preceding Mukerji resigning from Plaintiff.  Further, prior to Akin awarding HBR its NetDocuments project, HBR had long-standing business relationships with Akin, having provided services to each for years.

Plaintiff does not have a probability of future contractual or economic relationship; it has a mere possibility, which is not actionable.  *Robertson v. Cartinhour*, 867 F. Supp. 2d 37, 60 (D.D.C. 2012).  Whether or not Plaintiff had a prior relationship with Akin and K&S, Plaintiff

was not guaranteed the law firms' respective NetDocuments project because each sought multiple bids for its respective project.

Akin requested that HBR, as well as at least two other firms, submit proposals for Akin's NetDocuments project.  HBR responded to Akin's request, along with at least two other firms. K&S requested that HBR, as well as at least four other firms, submit proposals for K&S' NetDocuments project.  HBR responded to K&S' request, along with the other firms.  HBR did not solicit business from Akin or K&S – HBR responded to each law firm's request for proposal for their respective NetDocuments project.

Even if K&S had not selected HBR for its NetDocuments project, K&S would not have selected Plaintiff.  Akin received at least three proposals in response to its request for proposals. Even if Akin had not selected HBR, Akin still had a choice between Plaintiff and at least one other firm.

      **2.**      **All theories of liability reasonably known by the time the joint Report is filed.**

      <u>See</u> Response 1.

      **3.**      **All theories of defenses reasonably known by the time the joint Report is filed.**

      <u>See</u> Response 1.

      **4.**      **The damages sought by all parties asserting any claims.**

      <u>Statement of eSentio</u>:   In connection with the three counts alleged in its Complaint, eSentio is seeking:  (i) preliminary and permanent injunctions against Mukerji and HBR prohibiting them from performing services on the two contracts at issue; (ii) an extension of Mukerji's restricted period under the Agreement; and (iii) compensatory and punitive damages of $10,000,000.

Statement of Mukerji:  Mr. Mukerji claims that Plaintiff breached its contact with him to pay an Annual Performance Bonus of up to $20,000 a year. Mr. Mukerji denies that he breached the restrictive covenants in his Employment Agreement.

**5.     Whether any good cause exists for dispensing with Rule 26(a)(1) initial disclosures, if the parties have agreed to dispense with such disclosures.**

Joint Statement:  The parties intend to make initial disclosures pursuant to FRCP 26(a)(1).

**6.     The types and/or categories of documents that counsel anticipate requesting.**

Statement of eSentio:  eSentio anticipates requesting documents and electronically stored information (including emails) related to the claims and defenses in the litigation, including but not limited to documents related to: (i) HBR's employment records and files related to Mukerji; (ii) HBR's solicitation of, and contracts, proposals and bids related to, clients and prospective clients of Mukerji; (iii) Mukerji's involvement in HBR's solicitation and bidding efforts; (iv) billing and time records related to Mukerji; (v) communications between HBR and/or Mukerji and these clients and prospective clients; (vi) HBR's costs, revenue, and profits related to contracts with these clients and prospective clients; and (vi) facts supporting Mukerji's counterclaim.  eSentio reserves the right to request additional categories of documents as discovery proceeds.

Statement of Mukerji: Mr. Mukerji intends to request inspection or copying of documents and information related to the claims and defenses in the litigation, including, but not limited to: (i) Plaintiff's negotiation of Mr. Mukerji's employment agreement, (ii) Plaintiff's personnel development and review process, (iii) Plaintiff's administration of its Annual Bonus Performance program, (iv) Plaintiff's breach of its contractual obligation to Mr. Mukerji with respect to his bonus and Mr. Mukerji's damages flowing therefrom, (v) Plaintiff's relationship

with each of Akin and K&S, including, but not limited to, all engagements between Plaintiff and each of Akin and K&S prior to Mukerji's termination of employment; (vi) Mr. Mukerji's involvement in pursuing business from Akin and K&S during the last six months of his employment (vii) Akin and K&S request for proposal for their respective NetDocuments projects and Plaintiff's response to each such request; and (viii) Plaintiff's damages, if any. Mr. Mukerji reserves the right to request additional categories of documents as discovery proceeds.

Statement of HBR: HBR has already propounded initial discovery on Plaintiff in the form of Interrogatories and Requests for Production. The initial discovery requests seek documents and information related to the claims and defenses in the litigation, including, but not limited to: (i) Plaintiff's relationship with each of Akin and K&S, including, but not limited to, all engagements between Plaintiff and each of Akin and K&S prior to Mukerji's termination of employment; (ii) Akin and K&S' request for proposal for its respective NetDocuments project and Plaintiff's response to each such request; (iii) Plaintiff's obligations under its employment agreement with Mukerji; and (iv) Plaintiff's damages. HBR reserves the right to request additional categories of documents as discovery proceeds.

7. **The information that counsel anticipate seeking through interrogatories.**

Statement of eSentio: In addition to information similar to the information it will seek through document requests, eSentio anticipates seeking the following categories of information through interrogatories: (i) the identification of individuals and witnesses with relevant knowledge; (ii) the identification of material facts supporting Defendants' counterclaims and defenses; (iii) the identification of clients and prospective clients with whom Mukerji has interacted during his employment by HBR; (iv) calculations of profits related to contracts with

and services provided to certain Mukerji clients and prospective clients; and (v) information related to expert witnesses, if any.

> Statement of Mukerji: See Response 6.

> Statement of HBR:  See Response 6.

**8.     The number, names, and/or categories of individual and/or corporate witnesses that counsel anticipate deposing, as either fact or expert witnesses.**

> Statement of eSentio:   At this time, eSentio anticipates deposing Mukerji, a corporate representative of HBR, and HBR executives and employees involved in the solicitation of and provision of services to Mukerji clients and prospective clients.

> Statement of Mukerji: At this time, Mr. Mukerji anticipates participating in the depositions taken by HBR and eSentio.

> Statement of HBR: At this time, HBR anticipates deposing eSentio's corporate representative, eSentio's executives and employees responsible for determining Mukerji's bonus, eSentio's executives and employees involved in communications with Akin and eSentio's response to Akin's request for proposal for its NetDocuments project, and eSentio's executives and employees involved in communications with K&S and eSentio's response to K&S' request for proposal for its NetDocuments project.

**9.     The number, names, and/or categories of individual and/or corporate non-parties upon whom counsel anticipate serving a subpoena.**

> Statement of eSentio:   At this time, eSentio anticipates sending third-party subpoenas for documents and depositions to the two third-party law firms identified in the Complaint for the purpose of confirming discussions between eSentio and representatives of these firms related to Mukerji.  Additionally, eSentio anticipates that it will also send third-party

subpoenas for documents and depositions to other clients and prospective clients, if any, solicited by Mukerji during his employment by HBR.

Statement of Mukerji: Mr. Mukerji does not anticipate seeking discovery from third parties directly, but expects to seek the documents and testimony from the other parties to this action that the other parties obtain from third parties.

Statement of HBR: At this time, HBR anticipates that if eSentio does not issue subpoenas for documents to Akin and K&S, HBR will issue subpoenas.

**10.    A description of any burdens and/or unreasonable expenses associated with conducting the anticipated discovery.**

Joint Statement:  The parties do not anticipate unreasonable burdens or expenses associated with discovery.  The parties have agreed that ESI documents will be produced in searchable PDF format and that metadata will be preserved and produced only if requested and necessary.

**11.    Whether the Court will need to issue any protective orders in light of the information that counsel anticipate seeking through discovery.**

Joint Statement:  The parties anticipate that a protective order will be necessary to protect competitively sensitive information likely to be produced.

**12.    A certification from counsel that they have discussed the scope and extent of any litigation hold and/or preservation order that should be implemented in light of the nature of the case, see Fed. R. Civ. P. 37(e).**

Joint Statement:  The parties agree that potentially relevant documents and ESI shall be preserved and that no separate order is necessary.

**13.    A certification from counsel that they have discussed, in good-faith, every topic listed in Local Civil Rule 16.3(c) and this Order.**

Joint Statement:  Counsel certify that they have discussed, in good faith, every topic listed in Local Civil Rule 16.3(c).

**II.    Matters Required to be Addressed by Local Civil Rule 16.3(c)**

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

<u>Joint Statement</u>:    No dispositive motions are pending; however, the parties anticipate that dispositive motions will be filed at the close of discovery.

**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

<u>Joint Statement</u>:    The parties recommend that other parties should be joined and pleadings should be amended on or before August 4, 2017.  The parties do not believe the legal and factual issues can be narrowed at this time, but the parties will consider whether such narrowing can occur as discovery proceeds.

**3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

<u>Joint Statement</u>:    The parties do not consent to the assignment of the case to a magistrate judge for all purposes.

**4.    Whether there is a realistic possibility of settling the case.**

<u>Joint Statement</u>:    The parties believe that there exists a possibility of settling the case; however, it will likely be necessary to engage in written discovery prior to evaluating settlement potential.

**5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

<u>Joint Statement</u>:    The parties believe that the Court's ADR process may assist in facilitating a settlement; however, it will likely be necessary to engage in written discovery prior

to evaluating settlement potential.  The parties believe that settlement discussions may be most fruitful in late August or early September.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Joint Statement:  The parties anticipate that dispositive motions will be filed at the close of discovery.  The parties respectfully request that the Court order the following briefing schedule:  (i) Opening briefs filed not later than January 17, 2018; (ii) Opposition briefs filed not later than February 7, 2018; and (iii) Reply briefs filed not later than February 21, 2018.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Joint Statement:  The parties have agreed that initial disclosures pursuant to Federal Rule 26(a)(1) are appropriate and should be provided not later than July 24, 2017.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Joint Statement:  The parties expect that they can conclude discovery by December 15, 2017.  The parties agree that the discovery limits established by the Federal Rules of Civil Procedure are appropriate.  As noted above, the parties anticipate submitting a joint proposed protective order to protect the sensitive business information that may be disclosed during the course of discovery.

**9.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Joint Statement:  The parties do not anticipate unreasonable burdens or expenses associated with discovery.  The parties have agreed that ESI documents will be produced in

searchable PDF format and that metadata will be preserved and produced only if requested and necessary.

**10.    Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

<u>Joint Statement</u>:  The parties agree that all privileges and protections shall apply and that inadvertent disclosure of privileged or protected information shall not waive the privilege or protection.

**11.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

<u>Joint Statement</u>:  The parties agree that the rules of FRCP 26(a)(2) shall apply.  A party introducing expert testimony shall disclose such expert and provide the expert's report on or before October 6, 2017.  Opposition experts and reports shall be provided on or before November 10, 2017.  All expert discovery, including depositions, shall be completed before December 15, 2017.

**12.    In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

<u>Joint Statement</u>:  This provision is not applicable.

**13.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

<u>Joint Statement</u>:   The parties agree that these proceedings should not be bifurcated.

**14.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

       <u>Joint Statement</u>:   The parties respectfully request that a status conference be scheduled at the conclusion of discovery and that a final pretrial conference be convened following the Court's decision on dispositive motions.

**15.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

       <u>Joint Statement</u>:  The parties respectfully request that a trial date be set at the final pretrial conference following the Court's decision on dispositive motions.

**16.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

       <u>Joint Statement</u>:  The parties do not believe any other issues require resolution at this time.

       Respectfully submitted,

       <u>/s/ Michael J. Lorenger</u>
       Michael J. Lorenger (DC Bar #45146)
       Christine M. Burke (DC Bar #492074)
       651 South Washington Street
       Alexandria, Virginia 22314
       (703) 684-1800 Direct
       (703) 684-1805 Fax
       mlorenger@lorengercarnell.com
       cburke@lorengercarnell.com

       *Counsel for Plaintiff Legal Technology Group, Inc.*

/s/Neil Klingshirn
Neil Klingshirn
Stuart Torch
Elfvin, Klingshirn, Royer & Torch
4700 Rockside Road
Suite 530
Independence, Ohio 44131
(216) 382-2500 Direct
(216) 381-0250 Fax
neil@ekrtlaw.com
stuart@ekrtlaw.com

*Counsel for Rajiv Mukerji*

/s/ O'Kelly E. McWilliams III
O'Kelly E. McWilliams III (DC Bar No. 448053)
Julia K. Whitelock (DC Bar No. 992929)
Gordon Rees Scully Mansukhani, LLP
1300 I Street, NW, Suite 825
Washington, DC 20005
(202) 399-1009 Direct
(202) 800-2999 Fax
omcwilliams@grsm.com
jwhitelock@grsm.com

*Counsel for HBR Consulting LLC*