IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGAL TECHNOLOGY GROUP, INC. D/B/A ESENTIO TECHNOLOGIES, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>RAJIV MUKERJI, *et al.*, <br><br>　　　　Defendants. | Case No. 1:17-cv-631 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HBR CONSULTING LLC'S MOTION FOR LEAVE TO TAKE THE *DE BENE ESSE* DEPOSITION OF THE CORPORATE DESIGNEE OF <u>NETDOCUMENTS SOFTWARE, INC.</u>**

Defendant HBR Consulting LLC ("HBR"), through counsel, respectfully moves this Court for entry of an Order granting its Motion for Leave to Take the *De Bene Esse* Deposition of the Corporate Designee of NetDocuments Software, Inc. ("NetDocuments"), and in support states as follows:

**I.    SUMMARY OF ARGUMENT**

The pandemic and the Court's resulting scheduling challenges have unavoidably delayed the resolution of Plaintiff's claims arising from HBR's activities in early 2017 to obtain consulting work to implement NetDocuments document management software conversion at two law firms in the AmLaw 100. Discovery closed June 28, 2018. On July 5, 2018, Plaintiff's damages expert opined that Plaintiff was entitled to "head start" damages, an unjust enrichment theory of damages that is most often used in trade secret cases, for a period of three years. The "head start" period is the period in which information entitled to protection as a novel idea is protected. Because trial has been postponed to November 30, 2021, those three years have actually happened and testimony

1

from NetDocuments' corporate designee about the number of AmLaw 100 firms that have converted to NetDocuments, the consultants engaged to perform those conversions, and the industry's view of all such consultants are facts relevant to the basis of Plaintiff's damages expert's opinion as well as causation. Because NetDocuments is based in Utah, a *de bene esse* deposition is appropriate.

## II.   APPLICABLE LEGAL STANDARD

Preservation of testimony is the purpose of a *de bene esse* deposition. *Johnson v. Washington Metro. Area Transit Auth.*, No. CIV A 86-3110-LFO, 1993 WL 37445, at *1 (D.D.C. Feb. 3, 1993). Although fact discovery may have closed, courts have consistently acknowledged that *de bene esse* testimony may still be appropriate. *Coface Collections N. Am., Inc. v. Newton*, No. CA 11-52-LPS, 2021 WL 6738391, at *1 (D. Del. Dec. 28, 2012). The close of discovery "has no bearing on [the party's] need, or [its] right" to have the testimony heard. *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982). The court considers the following factors in granting a *de bene esse* deposition after the close of discovery: "the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition-with special attention given to the question of prejudice." *Coface Collections*, 2012 WL 6738391, at *1 (citing *Estate of Gee v. Bloomington Hosp. & Health Care Sys., Inc.*, No. 1:06-cv-00094-TWP-TAB, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2021)).

## III.   ARGUMENT

### A.   The Testimony of a NetDocuments Corporate Designee Will Aid the Trier of Fact in Understanding and Determining Questions of "Head Start" Damages and Causation

In 2017, HBR secured consulting contracts for implementing the conversion of two law firms' document management systems to NetDocuments. Plaintiff brings this action asserting that

Defendant Rajiv Mukerji (Plaintiff's former employee and HBR's current employee) breached his employment agreement with Plaintiff and HBR has tortiously interfered with the same in the course of obtaining those two consulting contracts. Discovery closed on June 28, 2018. On July 5, 2018, Plaintiff disclosed its damages expert's report. Plaintiff's damages expert opines that Plaintiff had a head start advantage in obtaining consulting contracts for NetDocuments implementations amongst AmLaw 100 firms, that HBR only was positioned to compete with Plaintiff (thereby overcoming the head start advantage) due to its contract wins using Mr. Mukerji in violation of his restrictive covenants, and that the head start period would have been up to three years. To prevail on its tortious interference claims, Plaintiff must prove damages that resulted from Mr. Mukerji's breach, i.e., causation. *Sorrells v. Garfinckel's, Brooks Bros., Miller & Rhoads, Inc.*, 565 A.2d 285, 298 (D.C. 1989). Similarly, to prevail on its breach of contract claims, Plaintiff must prove "damages caused by [the] breach." *Francis v. Rehman*, 110 A.3d 615, 620 (D.C. 2015).

"Under the so-called 'head start' or 'lead time' rule, adopted in some jurisdictions, a trade secret defendant's damages may be limited to the time the defendant saved in getting a product to market by virtue of its misappropriation." *Russo v. Ballard Med. Prods.*, 550 F.3d 1004, 1020 (2008). "The point of the 'head start' period is that, once the defendant has discovered, or would have discovered, the trade secret without the misappropriation, any lost profits from that time forward are not caused by the defendant's wrongful act." *Sokol Crystal Prods., Inc. v. DSC Commc'ns Corp.*, 15 F.3d 1427, 1433 (7th Cir. 1994). The head start damages theory is grounded in unjust enrichment. *See Russo*, 550 F.3d at 1020; *Brightview Group, LP v. Teeters*, Civil Case No. SAG-19-2774, 2021 WL 2627960 (D. Md. Feb. 8, 2021) ("as a measure of unjust enrichment, [the expert] offers that [plaintiff] could recover head start damages").

3

HBR seeks testimony from NetDocuments corporate designee regarding facts relevant to Plaintiff's expert's opinions on the "head start" period and the issue of causation, including testimony on the number of NetDocuments conversions amongst AmLaw 100 firms, the consulting companies that have been engaged to assist in implementing those conversions, NetDocuments relationship with consulting companies performing such implementations, NetDocuments knowledge of the Parties' reputations for NetDocuments implementations, and for impeachment purposes.  At the time Plaintiff's expert formulated his opinions on head start damages, he was speculating as to the state of the industry as such facts had not occurred.  By the time this case is tried in December 2021, the period in which Plaintiff's expert opined Plaintiff would have had a head start <u>but for</u> the Defendants allegedly wrongful actions will have come to fruition.  Not only is the anticipated testimony relevant to the claims and defenses asserted, Defendants would be highly prejudiced and the jury likely to be misled if Plaintiff's expert were permitted to present hypothetical "facts" for 2019, 2020, and 2021 based solely on facts developed in 2017 and early 2018.

### B.     The Court Should Grant Leave to Take the *De Bene Esse* Deposition of NetDocuments' Corporate Designee

The three factors support the Court granting leave to take the *de bene esse* deposition of a NetDocuments corporate designee after the close of discovery.  In *Coface Collections*, the District of Delaware granted a motion for leave to take *de bene esse* deposition after finding that the witnesses were not available for trial because "[t]hey are all beyond the subpoena power of the Court;" the subject matter of the testimony sought was known by both plaintiff and defendant, and the non-moving party would not be prejudiced because it "will be in no worse position than it would have been had the [witnesses] testified at trial." 2012 WL 6738391, at *1.  In *Estate of Gee*, the Southern District of Indiana denied a motion for protective order and to quash *de bene esse*

deposition notice because the witness was unavailable "since he lives more than 100 miles from the place of trial and therefore beyond the reach of this Court's subpoena powers'" and

> the risk of unfair prejudice is negligible, given that [non-movants] have been on notice that [the witness] would be called as a witness and [movant] has secured a Court Reporter's office with videoconferencing so that [non-movants] can participate in the deposition without traveling to Texas. Moreover, it bears emphasizing that [non-movants] opted not to take a discovery deposition of [the witness]; thus they will be no more prejudiced by a deposition *de bene esse* than they would have been by his live testimony at trial.

2012 WL 729269, at *7.

### 1.     NetDocuments' Corporate Designee is Unavailable for Trial

NetDocuments has a principal place of business at 2500 Executive Parkway, Suite 300, Lehi, Utah, which is over 2,000 miles from this Court. NetDocuments is therefore beyond the subpoena power of this Court. *See* Fed. R. Civ. P. 32(a)(4)(B).

### 2.     The Anticipated Information is Likely Known to Plaintiff

The subject matter of the testimony sought is likely known to Plaintiff because, upon information and belief, NetDocuments holds conferences and issues periodic information on NetDocuments conversions. Plaintiff has also represented in various pleadings and discovery responses what it believes its reputation is.

### 3.     Plaintiff Will Not be Prejudiced

Plaintiff will not be prejudiced and in fact will likely benefit from the *de bene esse* deposition of NetDocuments' corporate designee in advance of trial. On the Parties' Amended Joint Pretrial Statement, Plaintiff identified Matthew Duncan as a witness it may call at trial. Am. Joint Pretrial Statement 1(iv)(a)(14). Defendants identified that they may call "[a]ny and all witnesses identified by Plaintiff." *Id.* 1(iv)(b)(13). According to LinkedIn, Mr. Duncan is located in Salt Lake City, Utah, https://www.linkedin.com/in/matt-duncan-27696/, and therefore is beyond the subpoena power of this court. Leave to take the *de bene esse* deposition of NetDocuments'

corporate designee will provide Plaintiff the opportunity to cross-examine a witness about information it might have wanted to illicit from a witness at trial, but who would not have been able to be compelled to testify at trial.  Plaintiff did not take the discovery deposition of Matthew Duncan or anyone else at NetDocuments.

HBR intends to take this deposition via remote video conferencing means in light of the ongoing pandemic and as a means to reduce costs to all parties and the corporate designee.  Plaintiff will have the opportunity to attend and cross-examine the witness.

      **C.**    **The Parties Should be Permitted to Designate Testimony to be Presented at Trial After the Pre-Trial Conference**

The Pre-Trial Conference is presently scheduled for October 29, 2021 at 1:30 p.m.  Should the Court grant leave to take the *de bene esse* deposition of NetDocuments' corporate designee, HBR intends to subpoena and schedule the deposition as quickly as practicable.  However, the Parties may need additional time beyond the Pre-Trial Conference date to designate the portions of the deposition that will be presented at trial.  HBR does not anticipate that the Parties' designations will hinder the trial beginning on November 30, 2021, or any date thereafter.

**IV.**    **CONCLUSION**

For the foregoing reasons, HBR requests that the Court grant its motion and grant HBR leave to take the *de bene esse* deposition of the Corporate Designee of NetDocuments Software, Inc., via remote videoconferencing, within 45 days of its Order, with the instruction that the deposition be taken as soon as reasonably practicable; and that the Parties be permitted to submit their proposed deposition designations, counter-designations, and objections thereto within three weeks of the deposition or one week in advance of trial, whichever date is earlier.

Respectfully submitted,

 /s/ Julia K. Whitelock
Brian A. Scotti (DC Bar No. 497125)
Julia K. Whitelock (DC Bar No. 992929)
GORDON REES SCULLY MANSUKHANI, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
T: 202.399.1009
F: 202.800.2999
bscotti@grsm.com
jwhitelock@grsm.com

*Counsel for Defendant HBR Consulting LLC*

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to the following CM/ECF participants:

Michael J. Lorenger
Lorenger Carnell
651 South Washington Street
Alexandria, Virginia 22314
mlorenger@lorengercarnell.com

Keith J. Harrison
Mark A. Klapow
Julia Milewski
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
kharrison@crowell.com
mklapow@crowell.com
jmilewski@crowell.com

*Counsel for Plaintiff*

Neil E. Klingshirn
Elfvin, Klingshirn, Royer & Torch, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
neil@erktlaw.com

*Counsel for Defendant Rajiv Mukerji*

    /s/ Julia K. Whitelock
Julia K. Whitelock