**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br>Legal Technology Group, Inc. d/b/a )<br>eSentio Technologies, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>Rajiv Mukerji, *et al.*, )<br> )<br> Defendants. )<br>_____ ) | Case No. 1:17-cv-00631-RBW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT HBR CONSULTING LLC'S MOTION FOR LEAVE TO TAKE THE *DE BENE ESSE* DEPOSITION OF THE CORPORATE DESIGNEE OF NETDOCUMENTS SOFTWARE, INC.

Although Defendant HBR Consulting LLC argues that a deposition of the corporate representative of NetDocuments Software, Inc. is necessary to preserve the trial testimony of an otherwise unavailable witness, in fact the proposed deposition is nothing more than a belated discovery deposition. For that reason, HBR's Motion for Leave to Take the *De Bene Esse* Deposition of the Corporate Designee of NetDocuments Software, Inc. [Dkt. No. 131] should be denied.

## Legal Standard

Courts evaluating a party's request to take a *de bene esse* deposition following the close of fact discovery typically consider three factors: (i) the unavailability of the witness; (ii) the potential for prejudice to the opposing party; and (iii) whether the deposing party knew the information the potential witness would testify to prior to the deposition. *Wye Oak Tech., Inc. v. Republic of Iraq*, 2018 U.S. Dist. Lexis 173646, *2 (D.D.C. Oct. 4, 2018) (citing *Charles v. Wade*, 665 F.2d 661, 664-65 (5th Cir. 1982)); *see also Bamcor LLC v. Jupiter Aluminum Corp.*,

2010 U.S. Dist. Lexis 126702 *1 (N.D. Ind. Nov. 29, 2010).  The third factor – whether the deposing party already knows the information to which the witness will testify – is critical because it goes to the very nature of *de bene esse* depositions.  Although the Federal Rules of Civil Procedure do not distinguish traditional discovery depositions from *de bene esse* depositions (*i.e.*, "trial depositions"), the federal courts generally recognize that depositions taken during discovery are taken "with the goal of ascertaining new information," whereas "trial depositions [are] taken to preserve information that the party already has knowledge of, but would be otherwise unavailable."  *Nat'l Found. for Special Needs Integrity, Inc. v. Reese*, 2016 U.S. Dist. Lexis 175466, *2-3 (S.D. Ind. 2016) (citing *Stuhlmacher v. Home Depot U.S.A., Inc.*, 2014 U.S. Dist. Lexis 27249 *2 (N.D. Ind. Mar. 4, 2014)).  Therefore, when a party seeks to schedule a deposition after the close of discovery, the court is tasked with deciding "whether [the] deposition is actually being taken to preserve trial testimony, or if that is merely an after-the-fact excuse to take a belated discovery deposition."  *Estate of Gee*, 2012 U.S. Dist. LEXIS 29404 *17 (S.D. Ind. Mar. 6, 2012).

When a party seeks to preserve testimony it already knows or anticipates for trial due to the unavailability of a witness, courts will often allow the deposition to proceed, provided the other party is not prejudiced.  In *Wye Oak Tech,* for example, the Court found it significant that the party seeking the *de bene esse* deposition already knew the content of the testimony that would be presented.  "Defendants know the information that these witnesses will testify to at their depositions.  Defendants are not seeking to discover these witnesses' testimony after the discovery period has closed.  Instead, defendants are solely seeking a means to introduce these witnesses' testimony at trial."  *Wye Oak Tech.*, 2018 U.S. Dist. Lexis 173646 at *6; *see also Charles*, 665 F.2d at 664 ("Appellant was not seeking to discover Nixon's testimony – appellant

knew what Nixon had to say – but was seeking a means for introducing Nixon's testimony at trial."); *cf. Johnson v. Washington Metro. Area Transit Auth.*, 1993 U.S. Dist. LEXIS 1266, *3 (D.D.C. Feb. 3, 1993) ("The rationale for a *de bene esse* deposition . . . is generally to preserve testimony in danger of being lost.") (citing cases).

On the other hand, when a party is using the guise of a trial deposition simply to depose a witness it neglected to depose during the discovery period or to discover information it does not already know, courts routinely deny the request. *See, e.g.*, *Bamcor LLC*, 2010 U.S. Dist. Lexis 126702 at *6-7 (denying motion for leave to take *de bene esse* deposition on grounds that plaintiff was attempting to "disguise" its need for additional discovery by requesting a trial deposition); *see also Hardin v. Dadlani*, 161 F. Supp. 3d 106, 111 (D.D.C. 2015) (Walton, J.); *McDermott v. Liberty Maritime Corp.*, 2011 U.S. Dist. LEXIS 72482 *3 (E.D.N.Y. July 6, 2011).

## Argument

1. **HBR is Seeking to Take a Discovery Deposition Long After Discovery has Closed when it had Ample Notice and Opportunity to Take the Deposition During the Period of Fact Discovery.**

Though disguised as a request to take a trial deposition, HBR is in fact asking the Court for leave to depose a witness it neglected to depose during fact discovery. Several facts make this readily apparent.

First, HBR has not proffered the proposed testimony it seeks to preserve. Instead, it lists the subjects and topics on which it desires to question the corporate representative, but it does not describe or summarize the anticipated testimony itself. *See* HBR Opening Brief at 4. Even the very nature of the deposition – conducted pursuant to FRCP 30(b)(6), on broad topics not yet disclosed, of a witness not previously identified – makes clear that HBR is seeking additional

discovery rather than the preservation of testimony already known.  *See, e.g., Nat'l Found. for Special Needs Integrity, Inc.*, 2016 U.S. Dist. LEXIS 175466 at *4 ("No indication was given as to what Ostmann's testimony was expected to be.  And none has been offered in response to the motion for protective order.  Thus, Defendant has not shown that the deposition would be for the purpose of preserving information it already knows.").

Second, the corporate representative of NetDocuments has not been previously identified as a witness by either party, and thus HBR is purportedly seeking to "preserve for trial" testimony of a witness whom neither party intends to call.  HBR suggests that eSentio's identification of Matt Duncan, a former executive officer of NetDocuments, justifies HBR's attempt to depose a NetDocuments corporate representative at this late date.  It does not.  To the contrary, Mr. Duncan's presence on eSentio's witness list suggests that HBR is now attempting, at the eleventh hour, to discover evidence it hopes may blunt Mr. Duncan's anticipated testimony.  That HBR is engaged in a post-discovery fishing expedition is obvious when one considers that the information HBR purportedly seeks – the number of NetDocuments conversion projects, the law firms involved, and the vendors utilized – is readily available in the industry, particularly to a firm such as HBR which serves as a NetDocuments "partner."

Third, had HBR deemed it necessary to depose any NetDocuments witnesses, it had ample time and opportunity to do so during the discovery period.  HBR's argument that the information it seeks is relevant is beside the point.  The legal/factual issues flagged in HBR's brief – head start damages, causation, and parties' reputations – have been the subjects of hundreds of pages of discovery throughout the course of the case.  HBR has known since the inception of the litigation that NetDocuments witnesses might have information relevant to these subjects, but at no time did it seek to notice a deposition or seek other discovery.  *See Hardin v.*

*Dadlani*, 161 F. Supp. 3d 106, 111 (D.D.C. 2015) ("The defendant had ample opportunity to request a *de bene esse* deposition during the authorized periods of discovery, . . . but failed to avail themselves of this opportunity.") (Walton, J.).

Finally, HBR's argument that NetDocuments is headquartered in Utah and thus beyond the scope of the Court's subpoena power is at attempt at misdirection.  Although it is true that NetDocuments lies beyond the subpoena power of the Court, HBR does not suggest – nor can it – that the "unavailability" of a NetDocuments corporate representative is a circumstance that arose following the close of discovery.  NetDocuments has always resided beyond of this Court's subpoena power.  *See McDermott v. Liberty Maritime Corp*., 2011 U.S. Dist. LEXIS 72482 *3 (E.D.N.Y. July 6, 2011) (denying *de bene esse* depositions because the deposing party "had sufficient notice during the discovery period that these witnesses were unavailable for trial purposes" and noting that the witnesses' unavailability did not result from "unforeseen events arising after the close of discovery . . . .").

In short, HBR apparently made a strategic decision not to seek deposition testimony from NetDocuments during the period prescribed for fact discovery, and it now seeks to undo that decision.  The Court should not permit HBR to do so.

## 2.   eSentio will be Prejudiced if the Deposition is Allowed to Proceed.

Should the Court permit HBR to proceed with the requested discovery deposition, eSentio will suffer prejudice.  The deposition HBR seeks to take is one that will be conducted of a corporate representative on defined topics.  Although eSentio will have an opportunity to cross examine the witness, eSentio will have no opportunity to conduct follow-up discovery of its own because the discovery period is now closed.  eSentio will be unable to depose additional

witnesses or seek additional document discovery that it determines necessary to clarify or give

context to any testimony given.

For these reasons, eSentio respectfully requests that the Court deny Defendant HBR

Consulting LLC's Motion for Leave to Take the *De Bene Esse* Deposition of the Corporate

Designee of NetDocuments Software, Inc."

Respectfully submitted,


/s/ Michael J. Lorenger
Michael J. Lorenger (DC Bar # 45146)
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
Phone: (703) 684-1800
Fax: (703) 684-1805
mlorenger@lorengercarnell.com

Julia Milewski (DC Bar # 1008678)
Keith Harrison (DC Bar # 416755)
Mark Klapow (DC Bar # 474646)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Phone: (202) 624-2500
Fax: (202) 628-5116
jmilewski@crowell.com
kharrison@crowell.com
mklapow@crowell.com

Counsel for Plaintiff Legal Technology Group, Inc
d/b/a eSentio Technologies

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 30th day of August, 2021, I filed the foregoing **Plaintiff's Opposition to Defendant HBR Consulting LLC's Motion for Leave to Take the *De Bene Esse* Deposition of the Corporate Designee of NetDocuments Software, Inc.** with the Court's ECF system, which will automatically serve the following counsel of record:

> Neil Klingshirn
> Elfvin, Klingshirn,
> Royer & Torch 4700
> Rockside Road
> Suite 530
> Independence, Ohio 44131
> neil@ekrtlaw.com
>
> Julia K. Whitelock
> Brian A. Scotti
> GORDON REES SCULLY MANSUKHANI, LLP
> 1101 King Street, Suite 520
> Alexandria, VA 22314
> jwhitelock@grsm.com
> bscotti@grsm.com

/s/ Michael J. Lorenger
Michael J. Lorenger