UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Legal Technology Group, Inc. d/b/a eSentio Technologies,<br><br>Plaintiff,<br><br>v.<br><br>Rajiv Mukerji, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00631-RBW |

**PLAINTIFF'S *SUPPLEMENTAL BRIEF*
IN OPPOSITION TO DEFENDANT HBR CONSULTING LLC'S
MOTION FOR LEAVE TO TAKE THE *DE BENE ESSE* DEPOSITION
OF THE CORPORATE DESIGNEE OF NETDOCUMENTS SOFTWARE, INC.**

As directed by the Court in its Order dated October 12, 2021 [Docket No. 136], Plaintiff Legal Technology Group, Inc. respectfully submits this Supplemental Brief in Opposition to Defendants HBR Consulting LLC's Motion for Leave to Take the *De Bene Esse* Deposition of the Corporate Designee of NetDocuments Software, Inc ("HBR's Motion").

1. Plaintiff incorporates all points of law and all legal and factual arguments raised in its Opposition to HBR's Motion. *See* Docket No. 133.

2. Specifically, Plaintiff disputes HBR's characterization of its opposition, which HBR misstates as being "principally" based on the argument that Plaintiff will suffer prejudice if HBR's Motion is granted. Certainly, this comprises one-half of Plaintiff's argument, and this Court has already determined that Plaintiff will suffer prejudice if HBR is allowed additional discovery.

3. Additionally, however, Plaintiff has shown that HBR has mischaracterized its motion. Rather than being a motion seeking a traditional *de bene esse* deposition – that is, a

deposition that seeks to preserve for trial testimony already known from a witness already identified – HBR's Motion seeks leave to engage in additional fact discovery by deposing a witness neither party has identified.  When a party is using the guise of a trial deposition simply to depose a witness it neglected to depose during the discovery period or to discover information it does not already know, courts routinely deny the request.

4. For reasons previously stated, HBR has failed to show why it should be granted additional fact discovery so long after the discovery period has closed.

5. Moreover, should the Court grant HBR' Motion, it should do so expressly on the condition that Plaintiff will be given an opportunity thereafter to engage in additional discovery. The Court has already expressed acceptance of this proposition, noting during the status conference on October 12, 2021, that Plaintiff's request for additional discovery was reasonable.

6. In its motion to reinstate its previous motion [Docket No. 137], HBR requests that Plaintiff be allowed follow-on discovery only if it seeks leave of Court and makes an appropriate showing.  *See* Docket No. 137-1 ¶7.

7. Rather than place the burden on Plaintiff to mitigate the prejudice that it will suffer as a result of HBR's late-stage request for additional discovery, Plaintiff submits that should the Court grant HBR's Motion, it should do so on the express condition that Plaintiff be permitted to engage in reasonable follow-on discovery without seeking leave of Court.  Should HBR object to any follow-on discovery issued by Plaintiff, HBR may of course file such objection with the Court and request that the discovery be denied.

8. Additionally, HBR's Motion is ambiguous with regard to whether **HBR** will be permitted to engage in follow-on discovery.  *See* Docket 137-1, referring to "**any** requests for follow-on discovery" (emphasis added).

9. To the extent HBR requests that HBR, in addition to Plaintiff, be allowed to engage in follow-on discovery, the request should be denied. HBR is already seeking additional discovery from NetDocuments and should not be permitted to use that additional discovery as a platform to cast its net for belated discovery even more widely.

Wherefore, Plaintiff respectfully requests that HBR's Motion (Docket 131) be denied.

In the alternative, should HBR's Motion be granted, Plaintiff respectfully requests that the order granting the motion: (i) expressly grant Plaintiff the right to engage in reasonable follow-on discovery without seeking leave of Court; (ii) permit HBR to object to such discovery or any part thereof by seeking an order from the Court denying that the discovery proceed; and (iii) prohibiting HBR from seeking follow-on discovery without obtaining leave of Court.

Respectfully submitted,

/s/ Michael J. Lorenger
Michael J. Lorenger (DC Bar # 45146)
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
Phone: (703) 684-1800
Fax: (703) 684-1805
mlorenger@lorengercarnell.com

Julia Milewski (DC Bar # 1008678)
Keith Harrison (DC Bar # 416755)
Mark Klapow (DC Bar # 474646)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Phone: (202) 624-2500
Fax: (202) 628-5116
jmilewski@crowell.com
kharrison@crowell.com
mklapow@crowell.com

Counsel for Plaintiff Legal Technology Group, Inc d/b/a eSentio Technologies

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October, 2021, I filed the foregoing **Plaintiff's** *Supplemental Brief* **Opposition to Defendant HBR Consulting LLC's Motion for Leave to Take the** *De Bene Esse* **Deposition of the Corporate Designee of NetDocuments Software, Inc.** with the Court's ECF system, which will automatically serve the following counsel of record:

>Neil Klingshirn
>Elfvin, Klingshirn,
>Royer & Torch 4700
>Rockside Road
>Suite 530
>Independence, Ohio 44131
>neil@ekrtlaw.com
>
>Julia K. Whitelock
>Brian A. Scotti
>GORDON REES SCULLY MANSUKHANI, LLP
>1101 King Street, Suite 520
>Alexandria, VA 22314
>jwhitelock@grsm.com
>bscotti@grsm.com

>>/s/ Michael J. Lorenger
>>Michael J. Lorenger