**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LEGAL TECHNOLOGY GROUP, INC.** )<br>**D/B/A ESENTIO TECHNOLOGIES,** )<br> )<br>   **Plaintiff,** )<br> )<br>   **v.** )<br> )<br>**RAJIV MUKERJI,** *et al.*, )<br> )<br>   **Defendants.** )<br>)  | **Case No. 1:17-cv-631 (RBW)** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HBR CONSULTING LLC'S
MOTION TO REINSTATE ITS MOTION FOR LEAVE TO TAKE THE *DE BENE ESSE*
DEPOSITION OF THE CORPORATE DESIGNEE OF NETDOCUMENTS
SOFTWARE, INC. (ECF NO. 131)**

Pursuant to this Court's Order dated October 12, 2021, ECF No. 136, Defendant HBR Consulting LLC ("HBR"), by and through counsel, hereby respectfully submits its reply to Plaintiff's Supplemental Brief, ECF No. 138. In further support of its Motion, HBR states as follows:

1. At bottom, Plaintiff seeks to prevent HBR from thwarting the fiction pedaled by its damages expert—that it would have been entitled to the majority of its damages claim in future/head start damages—by objecting to the *de bene esse* deposition of NetDocuments Software, Inc. ("NetDocuments"). Without question, Plaintiff is keenly aware of the market for NetDocuments conversions and the proposed *de bene esse* deposition is not discovery; rather its rebuttal and/or impeachment evidence that Plaintiff simply doesn't want to confront at trial.[1]

---

[1] Plaintiff has not supplemented its expert's July 5, 2018 opinion pursuant to Fed. R. Civ. P. 26(e)(2) despite (a) Plaintiff producing additional financial records pursuant to the Court's December 2, 2019 Order, which impact the expert's opinion on lost profits based on past billings versus revenue received and (b) the passage of three years and development of facts about the

2.      Plaintiff asserts the same erroneous argument in its "Supplemental Brief" as in its original opposition that HBR is seeking discovery it failed to obtain during discovery.  Plaintiff cannot make such an assertion when the testimony sought is about facts that came into existence after discovery closed on June 28, 2018.  Neither party could have obtained testimony on a fact that did not exist until 2019, 2020, or 2021 during the discovery period.

3.      Plaintiff is incorrect that HBR was required to identify NetDocuments in its Pretrial Statement and therefor such request constitutes new discovery.  As stated in HBR's motions, NetDocuments' testimony is to correct Plaintiff and its expert's misleading and false "facts" which at the time of Plaintiff's expert's opinion had not happened, but due to the passage of time, are inaccurate.  I.e., NetDocuments' anticipated testimony is rebuttal or impeachment testimony. Under D.D.C. Loc. R. Civ. P. 16(b)(5), "[a] party need not list any witness who will be called solely for impeachment purposes."  HBR seeks the *de bene esse* deposition of NetDocuments because it is outside of the subpoena power of the Court and therefore procedurally would be impossible to compel to impeach and rebut Plaintiff and its expert's anticipated trial testimony.

4.      Plaintiff's argument that it is prejudiced by the purportedly late disclosure of NetDocuments testimony lacks merit under this Court's Local Rules.  "No objection shall be entertained to a witness or to testimony on the ground that the witness or testimony was disclosed for the first time in a party's Pretrial Statement, unless the party objecting has unsuccessfully sought to learn the identity of the witness or the substance of the testimony by discovery, and the Court or magistrate judge finds the information to have been wrongfully withheld."  D.D.C. Loc. R. Civ. P. 16(b)(5).  First, Plaintiff cannot and has not stated that it does not know the substance

---

market for NetDocuments conversions, which is in Plaintiff's knowledge and to which Plaintiff's expert intends to offer opinions.

of the testimony HBR seeks to obtain through the *de bene esse* deposition of NetDocuments.  That is because Plaintiff <u>does</u> know which AmLaw 100 and 200 law firms have converted to the NetDocuments document management software platform since June 2018 and which consulting firms have assisted in such conversions.

5.    Plaintiff will not suffer prejudice if no additional discovery is granted after the *de bene esse* deposition.  Were NetDocuments to be called as an impeachment or rebuttal witness at trial, Plaintiff would not be able to obtain additional discovery.  Therefore, Plaintiff cannot be prejudiced if no additional discovery is available after the *de bene esse* deposition.  Plaintiff is in the same exact position as if the Parties were proceeding at trial.

6.    HBR's motion is not a request to reopen discovery wholesale.  Plaintiff has similarly not moved to reopen discovery without limitation.  Instead, Plaintiff requested the ability to "depose additional witnesses or seek additional document discovery that it determines necessary to clarify or give context to any testimony given."  ECF No. 133 at 6.  Nevertheless, this request is very broad and could in effect serve to reopen discovery under the guise that it is a limited request.

7.    First, HBR filed a motion seeking leave for a *de bene esse* deposition specifying the anticipated testimony because discovery has closed and the purpose of the deposition is for rebuttal or impeachment testimony that is known to both Parties.  Plaintiff should not be permitted carte blanche to effectively reopen discovery without limitation.  If the Court grants Plaintiff's request for additional discovery following NetDocuments' deposition, the Court should require Plaintiff to follow the same procedure of requesting specific and limited discovery to ensure that the other parties are not prejudiced (just as Plaintiff argues in its opposition and supplemental brief)

and that this case does not fall down the slippery slope of never ending, extremely costly discovery and extensive revisions to the Parties' pretrial submissions.

8.     Second, Plaintiff has been put on notice of the anticipated testimony sought from NetDocuments, facts about which Plaintiff already has knowledge.  Therefore, Plaintiff should have an idea of what discovery it anticipates seeking if this is not an improper effort to just reopen discovery for Plaintiff's benefit and to the prejudice of HBR.  That Plaintiff has not articulated any specific discovery suggests that it intends to use its "prejudice" argument to obtain unlimited, far-reaching discovery.

9.     Third, Plaintiff's request is so broad that it could include discovery that Plaintiff attempted to seek in discovery that was denied.  For example, Plaintiff attempted to seek discovery about other contracts that HBR had won and this Court denied such discovery.  It also could serve as a means to increase the parties' fees and costs and to harass non-parties at this late stage for extensive deposition testimony or document discovery that is not proportionate to the needs of the case.

10.     Fourth, Plaintiff's request is so broad that HBR must preserve a right to seek additional discovery in response to Plaintiff's requested discovery so that it is not prejudiced—the same argument Plaintiff makes.

11.     HBR's proposal that Plaintiff make a showing to the court that the discovery sought is limited and narrowly tailored to information obtained in the *de bene esse* deposition and that such request is made by a certain deadline is a reasonable proposal that was made to ensure that the Court is treating the Parties equally and fairly and that Plaintiff's "follow on discovery" is not so expansive that it effectively reopens discovery.

For the foregoing reasons, HBR requests that the Court grant this HBR leave to take the *de bene esse* deposition of the Corporate Designee of NetDocuments Software, Inc., via remote videoconferencing, within 60 days of its Order; any requests for follow-on discovery be filed with the Court within 21 days of the deposition; and that the Parties file their Amended Joint Pretrial Statement at least 14 days before the Pre-Trial Conference.

Respectfully submitted,

/s/ Julia K. Whitelock
Brian A. Scotti (DC Bar No. 497125)
Julia K. Whitelock (DC Bar No. 992929)
GORDON REES SCULLY MANSUKHANI, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
T: 202.399.1009
F: 202.800.2999
bscotti@grsm.com
jwhitelock@grsm.com

*Counsel for Defendant HBR Consulting LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to the following CM/ECF participants:

Michael J. Lorenger
Lorenger Carnell
651 South Washington Street
Alexandria, Virginia 22314
mlorenger@lorengercarnell.com

Keith J. Harrison
Mark A. Klapow
Julia Milewski
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
kharrison@crowell.com
mklapow@crowell.com
jmilewski@crowell.com

*Counsel for Plaintiff*

Neil E. Klingshirn
Elfvin, Klingshirn, Royer & Torch, LLC
4700 Rockside Road, Suite 530
Independence, Ohio 44131
neil@erktlaw.com

*Counsel for Defendant Rajiv Mukerji*

  /s/ Julia K. Whitelock
Julia K. Whitelock

1137745/62616490v.1